# EXHIBIT A

SUPERIOR COURT FOR THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| XAVIER ORTIZ,<br><br>       Plaintiff,<br>vs.<br><br>E&E FOODS AND F/V BEAGLE, LLC,<br><br>       Defendants. | Case No.<br><br>**SEAMAN'S COMPLAINT FOR PERSONAL INJURY, WAGES, MAINTENANCE AND CURE** |

COMES NOW the plaintiff and complains of the defendants alleging upon information and belief as follows:

1. Plaintiff, Xavier Ortiz Fuentes, brings and maintains this action pursuant to 28 U.S.C. § 1333; 46 U.S.C. §§ 30103 and 30104; the general maritime law; the Washington Minimum Wage Act, RCW Chap. 49.46; and/or the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq.

2. The defendants do business and/or have principal places of business in King County, south of Interstate 90, State of Washington.

3. Defendants herein, E& E Foods and F/V Beagle, LLC, are corporations existing under and by virtue of the laws of a state or states unknown to plaintiff and at all times herein

SEAMAN'S COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES, WAGES, CLAIM FOR MAINTENANCE AND CURE - 1
CASE NO.

JOHN W. MERRIAM
4005 20th Avenue West, Suite 110
Seattle, Washington  98199
T (206) 729-5252 ♦ F (206) 729-1012

1  mentioned were acting by and through their officers, agents, servants, employees and

2  representatives, and have principal places of business or are doing business in the State of

3  Washington.

4      4.    The M/V Cape Grieg is a fishing vessel documented by the United States, official

5  number 654947.  During all times herein mentioned said vessel was owned or bareboat chartered

6  by the defendants and was engaged in maritime commerce.

7      5.    At all times herein mentioned, plaintiff was employed by the defendants as a

8  member of the crew, in the service of said vessel and was at all times acting within the course

9  and scope of his duties as a fish processor in furtherance of the mission of said vessel.

## FIRST CAUSE OF ACTION: CLAIM FOR INJURY

12      6.    During mid-July 2019 while said vessel was in navigable waters, plaintiff felt

13  pressure in his head.  The defendants failed to give him adequate medical attention at sea and

14  initially refused to allow him to seek medical attention on shore.

15      7.    Said injuries, disabilities, and damages were directly and proximately caused by

16  the unseaworthiness of the vessel; the negligence, in whole or in part, of the defendants and their

17  agents, servants and employees; and the failure of the defendants to provide a reasonably safe

18  place to work, in one or more of the following respects: Poor working conditions; failure to

19  provide or facilitate timely and adequate medical attention.

20      8.    Plaintiff was finally allowed to seek medical attention on shore at Pilot Point, AK

21  on July 24th or 25th 2019.  There was no medical doctor at the Pilot Point clinic.  Plaintiff

22  requested to see a real doctor.  The defendants would not allow him to leave the vessel for

23  medical attention unless he signed a paper stating that he "quit" the vessel.  The plaintiff flew

SEAMAN'S COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES, WAGES, CLAIM FOR MAINTENANCE AND CURE - 2
CASE NO.

JOHN W. MERRIAM
4005 20th Avenue West, Suite 110
Seattle, Washington  98199
T (206) 729-5252 ♦ F (206) 729-1012

1 home to California from Alaska at the end of July.  The cost of airfare was deducted from his

2 wages.

3     9.    As a direct and proximate result of the foregoing, plaintiff was caused to and did

4 incur reasonable charges for medical care and attention.  Plaintiff does not know the reasonable

5 value of said medical care and attention already rendered or to be rendered in the future and,

6 therefore, prays leave to amend this complaint to show the same.

7     10.    As a further result of the foregoing, plaintiff was rendered unable to engage in his

8 normal and usual occupation for a period of time.  Plaintiff may later be unable to engage in his

9 normal and usual occupation and prays leave to amend this complaint to allege the full extent of

10 said loss when the same is ascertained.

11     11.    Plaintiff demands maintenance from the defendants in a per diem amount to

12 recuperate on land with room and board at least equal to that received on defendant's vessel, until

13 the plaintiff reaches maximum cure or until the plaintiff is declared fit for duty, whichever last

14 occurs.  Plaintiff further demands the actual cost of cure until fully cured, and if never cured,

15 plaintiff demands the cost of cure for the remainder of plaintiff's natural life.

16     12.    Plaintiff is entitled to compensatory and consequential damages – including a

17 contingent attorney fee – for the negligent failure to pay maintenance and cure.  Plaintiff is

18 entitled to reasonable attorney fees for the arbitrary and capricious failure to pay maintenance

19 and cure.  Plaintiff is entitled to punitive damages for the willful and wanton failure to pay

20 maintenance and cure.

21     13.    Plaintiff is entitled to unearned wages (including bonuses and overtime) from the

22 day he left the vessel in late July 2019 to the end of the season. Said wages have been demanded

23

SEAMAN'S COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES, WAGES, CLAIM FOR MAINTENANCE AND CURE - 3
CASE NO.

JOHN W. MERRIAM
4005 20th Avenue West, Suite 110
Seattle, Washington  98199
T (206) 729-5252 ♦ F (206) 729-1012

1  and denied.  Plaintiff is entitled to double wages under state law and/or punitive damages under

2  federal law.

3       14.     Eighty-nine (89) days following the filing of this action, plaintiff waives the

4  physician-patient privilege, under protest, and only on condition that the Court holds that a

5  waiver is required in this case.  This waiver is made pursuant to RCW 5.60.060(4)(b), as

6  amended by Chapter 305, Laws of 1986; as limited by the civil discovery rules.  Specifically,

7  plaintiff authorizes no ex parte contacts or inquiry to medical personnel regarding matters not

8  reasonably calculated to lead to the discovery of admissible evidence.  This waiver is made

9  subject to plaintiff's challenge to the constitutionality of RCW 5.60.060(4)(b) on privacy

10 grounds, and the applicability of said statute to federal causes of action.

11

## SECOND CAUSE OF ACTION: CLAIM FOR MINIMUM AND OVERTIME WAGES

14      15.     Plaintiff worked the 2019 summer salmon seasons in Alaska aboard the M/V

15 Cape Grieg.  Defendants adopted a policy of 'no fish, no pay' whereby the processors, including

16 plaintiff, were not paid when there was no fish to process.  Plaintiff and other processors were on

17 call 16 hours per day, 7 days per week, waiting to work on short notice, whenever fish was

18 delivered by catcher boats.  Defendants engaged plaintiff to wait for these fish deliveries and

19 then to process the fish when they were delivered.

20      16.     The failure to pay plaintiff minimum and overtime wages during standby time,

21 when plaintiff was required to wait on the vessel for fish deliveries, constituted violations of the

22 Washington Minimum Wage Act, RCW Chap. 49.46, and/or the Fair Labor Standards Act 29

23 U.S.C. § 201 et. seq.

SEAMAN'S COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES, WAGES, CLAIM FOR MAINTENANCE AND CURE - 4
CASE NO.

JOHN W. MERRIAM
4005 20th Avenue West, Suite 110
Seattle, Washington  98199
T (206) 729-5252 ♦ F (206) 729-1012

WHEREFORE, plaintiff prays judgment against the defendants as follows:

1. For general damages, including damages for loss of consortium, as are reasonable and fair;

2. For such special damages, including found, as may be shown by the proofs herein;

3. For maintenance and cure, and for consequential and punitive damages for failure to pay same;

4. For earned and unearned wages and double wage penalties;

5. For pre-judgment interest on all claims as is in the law provided;

6. For costs of suit and reasonable attorney fees;

7. For such other and further relief, including punitive damages, as is met and just in the circumstances.

Dated this 26th day of October, 2020

        PATRICK M. PLEAS, WSBA # 25737
        AND JOHN MERRIAM, of Attorneys for Plaintiff;

By:   */s/ John W. Merriam*
John W. Merriam, WSBA #12749
4005 20th Avenue West, Suite 110
Seattle, WA   98199
Telephone:  (206) 729-5252
Fax:  (206) 729-1012
Email:  john@merriam-maritimelaw.com
*Attorneys for Plaintiff*

SEAMAN'S COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES, WAGES, CLAIM FOR MAINTENANCE AND CURE - 5
CASE NO.

JOHN W. MERRIAM
4005 20th Avenue West, Suite 110
Seattle, Washington  98199
T (206) 729-5252 ♦ F (206) 729-1012